UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NATHANIEL ST. CLAIR, III, | ) | CASE NO. C09-0475-MJP-MAT |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| SGT. HANSEN, | ) | |
| Defendant. | ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. (*See* Dkt. 12.) He names Sgt. Hansen, a correctional officer at the King County Correctional Facility (KCCF) in downtown Seattle, as defendant. Plaintiff alleges he was assaulted by unnamed correctional officers at KCCF on January 27, 2008 and on September 28, 2009, and that Hansen observed the 2008 incident. Plaintiff alleges violation of his constitutional rights through excessive force and cruel and unusual punishment.

Defendant seeks dismissal of plaintiff's claims on summary judgment. (Dkt. 19.)

REPORT AND RECOMMENDATION
PAGE -1

Plaintiff did not respond to the motion for summary judgment. The Court deems plaintiff's failure to oppose the dispositive motion to be an admission that defendant's motion has merit. *See* Local Civil Rule 7(b)(2). The Court further finds, having considered the motion and supporting documents, as well as the balance of the record in this matter, that defendant's motion for summary judgment should be granted and this case dismissed.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

Plaintiff here pursues claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's allegation as it relates to the January 27, 2009 incident fails at a fundamental level. Plaintiff asserts he was subjected to excessive force and cruel and unusual punishment following his booking into KCCF on that date. (Dkt. 12 at 3.) However, plaintiff does not

allege Hansen's presence for or involvement in this incident.  (*Id*.)   Moreover, Hansen denies her presence during any incident involving plaintiff on January 27, 2009, noting that, in fact, she had completed her shift on that date prior to plaintiff's booking.  (Dkt. 19-2, ¶ 3.)   There is, therefore, no basis for any claim against Hansen as related to the 2009 incident.

This leaves plaintiff's allegation as it relates to the September 28, 2008 incident as the only claim pertinent to defendant.  Plaintiff describes an incident in which he was allegedly pepper sprayed, dragged, kicked, punched, and thrown by unnamed correctional officers, eventually becoming unconscious.  (Dkt. 12 at 3.)  He further states:  "Sgt Hansen was envolved [sic] this active sergeant looked on as I was continually beaten by officers.  This is the use of excessive force cruel and unusual punishment."  (*Id*.)

Hansen states that, on the date of the 2008 incident,[1] she responded to a call seeking assistance as a "back up" and observed several correctional officers using necessary force and physical restraint in an attempt to subdue a "highly combative" inmate, plaintiff.  (Dkt. 19-2, ¶ 5.)  She observed plaintiff's placement on a restraining board and the administration of valium by paramedics prior to plaintiff's transport to a medical facility.  (*Id*., ¶¶ 5-6.)  Hansen also recalls that, when she encountered plaintiff later that same day, he stated he had no recollection of what had happened and told her he had been under the influence of "sherm," which Hansen understood to mean marijuana soaked in embalming fluid.  (*Id*., ¶ 7.)

Because it appears plaintiff was a pre-trial detainee at the time of this incident, his claim of excessive force is analyzed under the Fourth Amendment's "objective reasonableness"

---

[1] Hansen asserts that this incident took place on September 29, 2008, rather than September 28, 2008, as stated in plaintiff's complaint.  Giving plaintiff the benefit of the doubt, the Court assumes both parties refer to the same incident.

REPORT AND RECOMMENDATION
PAGE -3

standard; that is, whether the use of force was objectively reasonable in light of the facts and circumstances, without regard to underlying intent or motivation. *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing *Graham v. Conner*, 490 U.S. 386, 397 (1989)). In considering this claim, the Court balances "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Id.* (quoting *Graham*, 490 U.S. at 396) (internal quotation marks omitted).

Plaintiff does not contend Hansen herself used excessive force or otherwise caused the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) ("[L]iability under section 1983 can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur.") *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.") Instead, he points to Hansen's role as an observer to an incident in which he maintains he was subjected to excessive force. Plaintiff may, therefore, seek to hold Hansen liable for failing to intervene to prevent a constitutional violation. *See*, *e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" to prevent a constitutional violation). However, there is a dearth of information to support any such claim against Hansen.

Plaintiff does not identify any of the correctional officers personally involved in the

REPORT AND RECOMMENDATION
PAGE -4

alleged use of excessive force,[2] provided no documentation in support of his claim, and submitted no response to Hansen's motion for summary judgment. Indeed, there is no evidence to support plaintiff's contention as to a violation of his constitutional rights and, thus, any necessity of intervention on the part of Hansen. Plaintiff's allegation against Hansen is no more than conclusory and stands in contrast to Hansen's depiction of an incident involving the necessary and reasonable use of force to subdue a combative inmate. Conclusory allegations in legal memoranda are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983). *Accord Leer v. Murphy*, 844 F2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")

Accordingly, because plaintiff's allegation against Hansen is no more than conclusory, the Court recommends that defendant's motion for summary judgment (Dkt. 19) be GRANTED and this case DISMISSED with prejudice.[3] A proposed order accompanies this

///

///

---

[2] Prior to the filing of plaintiff's amended complaint, he submitted a discovery motion asking the court to obtain evidence as to the precise dates and times of the incidents in question and the identities of the correctional officers and a nurse involved. (Dkt. 8.) The court struck the motion, noting discovery requests were to be directed to defendants and required compliance with associated local and federal rules. (Dkt. 9.) The Court further noted that, while it would permit the use of "John Doe" defendants until plaintiff had an opportunity through discovery to identify unknown correctional officers, plaintiff had not at that point named *any* correctional officers involved in the alleged assaults. (*Id*.) Plaintiff subsequently submitted his amended complaint naming only Hansen and King County Jail as defendants. (Dkt. 12.) The Court dismissed King County Jail as a defendant (Dkt. 14) and heard no further from plaintiff as to any additional defendants.

[3] Finding dismissal appropriate for the reason stated above, the Court declines to address defendant's assertion of qualified immunity.

01

02 Report and Recommendation.

03     DATED this 25th day of March, 2010.

04

05                                        Mary Alice Theiler

06                                        United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -6